IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OLYMPIC AND PARALYMPIC MUSEUM, 200 S. Sierra Madre Colorado Springs, CO 80903,<br><br>                Plaintiff,<br><br>    v.<br><br>SMALL BUSINESS ADMINISTRATION, 409 3rd Street, SW Washington, DC 20416,<br><br>ISABELLA CASILLAS GUZMAN, Administrator, Small Business Administration, 409 3rd Street, SW Washington, DC 20416,<br><br>                Defendants. | Civil Action No. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff United States Olympic and Paralympic Museum (the "Museum"), by and through its attorneys, alleges and states as follows:

**INTRODUCTION**

1. This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking emergency federal financial assistance unlawfully withheld by Defendants Small Business Administration ("SBA") and its Administrator, Isabella Casillas Guzman.

2. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as amended, 15 U.S.C. § 9009a, established the Shuttered Venue Operators Grant ("SVOG") Program

to provide emergency financial assistance to eligible businesses, including museums, impacted by the global COVID-19 pandemic. The SVOG Program is administered by the SBA and Administrator Casillas Guzman.

3. The United States Olympic and Paralympic Museum, a non-profit museum that opened in July 2020, demonstrated its eligibility for a SVOG award. One week after receiving notice that its request for an award was approved, the Museum received an email from the SBA stating that the request was denied "in part" because of an incomplete application.

4. After multiple inquiries, the Museum learned that the SBA denied its SVOG application based on a finding that the Museum did not satisfy the statutory criterion of at least a 25% reduction in gross earned revenue after the start of the pandemic.

5. However, between 2019 and 2020 the Museum's gross earned revenue declined more than 25%. During 2019, when the Museum was preparing to open, it received substantial revenue in the form of sponsorship funds in exchange for which the Museum gave the sponsors naming rights. During 2020, the Museum received significantly less in sponsorship funds, with the result that its gross earned revenue in 2020 was down more than 25% as compared to 2019.

6. The pandemic reduced the Museum's sponsorship funds, caused construction, installation and hiring delays, forced a delay of its opening, and decreased attendance from what had been expected. The Museum sustained substantial financial losses as a result of the pandemic, and it needs a SVOG award to recover—exactly the purpose of the SVOG Program. However, SVOG funds are limited. Congress recently rescinded all but approximately $400 million in SVOG funding, and once the SBA has depleted the remaining amount through awards, eligible businesses may not be able to receive the emergency assistance. Thus, even though the Museum

demonstrated entitlement to relief funds, it may receive no assistance if SVOG funds are depleted before the SBA corrects the erroneous denial of the Museum's application and appeal.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it presents federal questions under the APA.

8. Venue lies in this district under 28 U.S.C. § 1391(e)(1).

9. This Court has authority to issue declaratory and injunctive relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201 and 2202.

## PARTIES

10. Plaintiff United States Olympic and Paralympic Museum, a 501(c)(3) non-profit organization, honors the Olympic and Paralympic ideals, documents the history of the United States' Olympic and Paralympic participation, and celebrates the achievements of U.S. Olympic and Paralympic competitors. The Museum reflects Team USA pride and helps visitors experience the thrill of the Games. Established in 2013, the Museum was originally scheduled to open on March 20, 2020. After a delay due to the pandemic, the Museum opened to the public on July 30, 2020. During 2019 and 2020, when it was preparing to open, the Museum actively engaged in fundraising, including soliciting and receiving sponsorship funds in exchange for which sponsors received naming rights to parts of the Museum building. However, the pandemic significantly reduced the sponsorship funds the Museum received in 2020 as compared 2019.

11. Defendant Small Business Administration is an independent agency of the federal government. The SBA's mission is to help Americans start, build, and grow businesses.

12. Defendant Isabella Casillas Guzman is the Administrator of the SBA and oversees its operations. Administrator Casillas Guzman is sued in her official capacity.

## BACKGROUND

**A. Shuttered Venue Operators Grant Program**

13. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the "Act"), signed into law December 27, 2020, included $15 billion for grants to operators of shuttered venues, including motion picture theaters. Pub. L. No. 116-260 § 324. The American Rescue Plan, enacted March 11, 2021, amended the Act by providing an additional $1,249,500,000 for SVOG awards. Pub. L. No. 117-2 § 5005(a).

14. SVOG awards may be used for specified business expenses, including payroll, rent, and utility payments, that were incurred between March 1, 2020, and December 31, 2021. 15 U.S.C. § 9009a(d)(1)(A)(i).

15. An eligible entity may receive a SVOG award in an amount equal to 45% of its gross earned revenue in 2019 up to a maximum award of $10 million. 15 U.S.C. § 9009a(c).

16. Eligible entities under the Act include museums, as well as live performing arts organization operators, theatrical producers, motion picture theatre operators, live venue operators, live venue promoters, and talent representatives. 15 U.S.C. § 9009a(a)(1)(A).

17. To be eligible as a museum, an entity must be non-profit, organized "for essentially educational, cultural heritage, or aesthetic purposes," have a professional staff, exhibit to the public tangible objects that the entity owns or utilizes and cares for, have indoor exhibition spaces that were subjected to pandemic-related occupancy restrictions, and have an auditorium or comparable space with fixed audience seating and regular programming. 15 U.S.C. § 9009a(a)(1)(v); 20 U.S.C. § 9172 (incorporated by 15 U.S.C. § 9009a(a)(7)).

18. In addition to falling within an eligible business category, to qualify for a SVOG award a business must meet general eligibility criteria including, *inter alia*, that the business was

fully operational on February 29, 2020, suffered at least a 25% reduction of gross earned revenue during at least one quarter of 2020 as compared to the same quarter of 2019 or the first quarter of 2020, and has reopened or intends to reopen.  15 U.S.C. § 9009a(a)(1)(A).  The Act lists a number of characteristics that would render an entity ineligible, including, *inter alia*, issuance of securities on a national securities exchange.  *Id.* § 9009a(a)(1)(A)(vi), 9009a(a)(1)(B).

19. As of July 5, 2022, the SBA had distributed a total of $14.57 billion in SVOG award funds.

20. On June 25, 2022, Congress rescinded $1.2 billion of the appropriations available for the SVOG Program.  Pub. L. No. 117-158 § 4(a)(3).

21. Of the $16.25 billion originally appropriated for the SVOG Program, only approximately $400 million remains.

**B.    United States Olympic and Paralympic Museum's Award Request and the SBA's Denial**

22. On August 20, 2021, after conferring with Senator John Hickenlooper's staff and the SBA regarding applying for SVOG assistance, the United States Olympic and Paralympic Museum submitted an application for a SVOG award of $2,086,000.  The Museum is eligible for $2,610,000, from which its $524,000 PPP loan would be subtracted.

23. In its application, the Museum demonstrated that it satisfied each of the general eligibility criteria for a SVOG award and each of the specific eligibility requirements for a museum.  The Museum also provided supporting documentation.

24. On October 22, 2021, the Museum received an email from the SBA stating that the Museum's application was denied.  The email gave no reason for the denial.

25. After inquiring about why the application was denied, on October 25, 2021, the Museum received a form email from the SBA listing possible reasons for denial that were not specific to the Museum.

26. On November 5, 2021, the Museum submitted an administrative appeal of the denial to the SBA.

27. On November 16, 2021, the Museum received an email from the SBA stating that its SVOG application was approved and setting a deadline of November 20, 2021 to submit required grant award documents. However, the listed award amount was a negative figure. The Museum emailed and telephoned the SBA but was unable to receive any information regarding the negative number.

28. On November 19, 2021, the Museum submitted the grant award documents via the SBA's SVOG portal.

29. On November 23, 2021, the Museum received an email from the SBA stating that its appeal was denied and it was not eligible for SVOG assistance. The email did not reference the prior award email.

30. After the Museum requested help from Senator Hickenlooper's staff in ascertaining the basis for denial, on December 21, 2021, SVOG Program Director Matthew Stevens informed the Museum by telephone that the application had been denied on the ground that the Museum had not shown at least a 25% decline in gross earned revenue between the first quarter of 2020 and another quarter of 2020.

31. Director Stevens confirmed that the Museum satisfied the other eligibility criteria for SVOG assistance as a museum.

32. The Museum's federal tax returns from 2019 and 2020, submitted to the SBA in support of the Museum's SVOG application, reflect that the Museum's gross earned revenue declined more than 25% between 2019 and 2020. The Museum's statement in its SVOG application materials that it had no earned revenue in 2019 was incorrect.

33. The SBA treats a non-profit's revenue from sponsors in exchange for services as earned revenue to the extent the sponsorship payment amount represents a fair market value for the services in exchange. SBA, SVOG FAQs No. 196 (Oct. 20, 2021), https://www.sba.gov/sites/default/files/2021-10/10-20-21%20SVOG%20FAQ%20FINAL_508_final.pdf ("[Funds derived from sponsorships] will be considered part earned revenue and part gross revenue. In such cases, the sponsorship payment amount that represents a fair market value for services in exchange (i.e., promotion, free admission, use of facilities) will be deemed earned revenue and the portion of the sponsorship payment that exceeds that amount will be deemed a contribution and thus gross revenue.").

34. Pursuant to the SBA's FAQs, a non-profit's recognition of sponsors can have a market value and the "market cost" of such recognition counts as earned revenue. SBA, SVOG FAQs No. 196 ("[I]f a company gives $25,000 to a non-profit and for that, gets its logo in a program, event admission and screen time on monitors at the venue, then the 'market cost' of those items are earned revenue and the remaining is gross revenue.").

35. The naming rights that the Museum gave its sponsors, i.e., rights to name parts of the Museum building, have a market cost of between $250,000 and $5 million.

36. In 2019, the Museum received a total of $3,250,500 in sponsorship funds in exchange for which it gave such naming rights to the sponsors.

37. In 2020, the sponsorship funds in exchange for which the Museum granted naming rights decreased to $1,504,000. The Museum's earned revenue from ticket sales and other sales such as food, beverages and merchandise in 2020 was $831,279. Thus, the Museum's total gross earned revenue in 2020 was $2,335,279.

38. Accordingly, the Museum's gross earned revenue in 2020 ($2,335,279) was more than 28% lower than its gross earned revenue in 2019 ($3,250,500).

39. The Museum's over 28% decline in earned revenue between 2019 and 2020 satisfies the SVOG eligibility requirement of a minimum 25% reduction in gross earned revenue in one quarter of 2020 as compared to that quarter of 2019. 15 U.S.C. § 9009a(a)(1)(A).

40. The Museum's second quarter 2020 sponsorship funds in exchange for which it granted naming rights were $750,000 compared to its second quarter 2019 such funds, which were $2 million. The decline between the second quarter of 2019 and the second quarter of 2020 was 62.5%.

41. The November 23, 2021 denial of the Museum's SVOG application, as explained by Director Stevens on December 21, 2021, is the SBA's final decision.

**CLAIMS FOR RELIEF**

42. The courts recognize a strong presumption favoring judicial review of administrative action.

43. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

44. The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review." 5 U.S.C. § 704.

45. The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A) and (E), respectively.

46. The SBA is an "agency" whose final actions are reviewable under the APA.

### COUNT I—ARBITRARY AND CAPRICIOUS AGENCY ACTION

47. The United States Olympic and Paralympic Museum realleges and incorporates by reference each of the preceding paragraphs and allegations.

48. The SBA's conclusion that the Museum failed to satisfy the eligibility criterion of at least a 25% reduction in gross earned revenue during one quarter of 2020 as compared to that quarter of 2019 runs counter to the evidence before the agency. The Museum's submitted documentation—its 2019 and 2020 federal tax returns—reflects that the Museum suffered the requisite 25% reduction.

49. The SBA's denial of the Museum's application for SVOG assistance is therefore arbitrary and capricious.

### COUNT II—AGENCY ACTION CONTRARY TO LAW

50. The United States Olympic and Paralympic Museum realleges and incorporates by reference each of the preceding paragraphs and allegations.

51. The Museum satisfies the Act's eligibility criteria for a SVOG award as a museum, including the criterion of at least a 25% reduction in gross earned revenue during one quarter of 2020 as compared to that quarter of 2019.

52. The SBA's denial of the Museum's SVOG application therefore violated the Act and is contrary to law.

**COUNT III—AGENCY DECISION UNSUPPORTED BY SUBSTANTIAL EVIDENCE**

53. The United States Olympic and Paralympic Museum realleges and incorporates by reference each of the preceding paragraphs and allegations.

54. The SBA's denial of the Museum's SVOG award request is not supported by substantial evidence in the record. The Museum presented evidence that demonstrates its eligibility for a SVOG award.

55. The SBA's denial of the Museum's SVOG award request is thus unsupported by substantial evidence.

**PRAYER FOR RELIEF**

For the foregoing reasons, United States Olympic and Paralympic Museum respectfully requests that this Court:

1. Declare unlawful and set aside Defendants' denial of the Museum's SVOG award request.

2. Preliminarily and permanently order Defendants to consider the Museum's request for reconsideration of the SVOG award amount consistent with applicable law and the evidence before the SBA.

3. Preliminarily and permanently order Defendants to award the Museum $2,086,000 in SVOG funds.

4. Preliminarily and permanently order Defendants to retain appropriations from the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (Pub. L. No. 116-260 § 324) and/or the American Rescue Plan (Pub. L. No. 117-2 § 5005(b)) in an amount sufficient to fund the Museum's SVOG awards.

5. Award the Museum its costs and reasonable attorney fees; and

6. Grant such other and further relief as the Court deems just and proper.

Dated December 21, 2022      Respectfully submitted,

                   */s/* Caroline L. Wolverton
                   Angela B. Styles
                   D.C. Bar No. 448397
                   Caroline L. Wolverton
                   D.C. Bar No. 496433
                   AKIN GUMP STRAUSS HAUER & FELD LLP
                   2001 K Street, N.W.
                   Washington, D.C. 20006
                   (202) 887-4000

                   *Counsel for United States Olympic and Paralympic Museum*