# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OLYMPIC AND
PARALYMPIC MUSEUM,

              Plaintiff,

      v.                                         Civil Action No. 22-cv-3785 (TSC)

SMALL BUSINESS ADMINISTRATION, *et al.*,

              Defendants.

## OPINION AND ORDER

Plaintiff United States Olympic and Paralympic Museum ("the Museum") sued the Small Business Administration ("SBA") and its Administrator, alleging that the agency's denial of its application for a Shuttered Venue Operators Grant ("SVOG") was arbitrary and capricious. *See generally* Am. Compl., ECF No. 17. Before the court is the Government's Motion for Reconsideration, ECF No. 41, of the court's Memorandum Opinion and Order, ECF Nos. 39, 40, granting in part and denying in part Plaintiff's motions to consider extra-record evidence, for summary judgment, and for a preliminary injunction, ECF Nos. 20, 22; denying the Government's cross motion for summary judgment, ECF No. 32; and remanding to the agency for reconsideration. For the reasons below, the court will DENY the Government's motion for reconsideration.

## I.    BACKGROUND

The court set forth the relevant background in its previous Memorandum Opinion. *See* ECF No. 39. To summarize, Plaintiff applied for an SVOG in August 2021 and was denied. AR 1,

383, 545.  An applicant can establish eligibility for an SVOG by demonstrating at least a 25% loss in earned revenue from one quarter of 2019 to the same quarter of 2020.  *See* 15 U.S.C. § 9009a(a)(1)(A)(i)(II).  A set of Frequently Asked Questions ("FAQs") posted on the SBA's website also provide that "[f]irms not in operation in 2019 may qualify for an SVOG if their gross earned revenues for the second, third, or fourth quarter of 2020 demonstrate a reduction of not less than 25% from their gross earned revenue for the first quarter of 2020."  AR 504.  In its application, Plaintiff reported no revenue in 2019 or the first quarter of 2020 and responded "No" to the question asking whether it experienced a 25% reduction in revenue between 2019 and 2020.  AR 9, 467, 486.

After Plaintiff requested an explanation for the denial, the SBA sent a form email stating that "SVOG applications have been declined for a number of reasons, including, but not limited to, common issues such as meeting eligibility criteria and missing application information."  AR 545.  The agency declined to provide "specific reasoning for individual applicants."  *Id.*  In denying Plaintiff's administrative appeal, the SBA stated that the denial was "at least in part . . . based on" an "[i]ncomplete application," but noted that there may have been other reasons for the decline.  AR 22–23.

After Plaintiff sued, the SBA issued a new decision again denying Plaintiff's application, but this time explaining that it denied the application because the Museum was unable to demonstrate the required 25% revenue loss between 2019 and 2020 or revenue during the first quarter of 2020.  AR 485–86.  Plaintiff filed an Amended Complaint challenging the new decision, alleging that the SBA's failure to explain its initial denial "deprived the Museum of a meaningful opportunity to address the reason and provide evidence on appeal showing that the agency's conclusion of non-eligibility was erroneous," rendering the denial decision arbitrary and

capricious.  Am. Compl. ¶ 54; *see id.* ¶¶ 55–57.  The parties cross moved for summary judgment, and Plaintiff also moved for a preliminary injunction and for the court to consider extra-record evidence as to its 2020 revenue from sponsorship payments.  *See* ECF Nos. 20, 22, 32.  The court granted in part and denied in part Plaintiff's motion to consider extra-record evidence and Plaintiff's motion for summary judgment and for a preliminary injunction; denied the Government's cross motion for summary judgment; and remanded to the agency for reconsideration.  *See* ECF Nos. 39, 40.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), "the court may grant a motion to amend or alter a judgment under three circumstances only: (1) if there is an 'intervening change of controlling law'; (2) if new evidence becomes available; or (3) if the judgment should be amended in order to 'correct a clear error or prevent manifest injustice.'"  *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam)).  "A Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled," *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995), nor is it a vehicle to raise new issues or advance new arguments that could have been presented earlier in the litigation, *see Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 403 (D.C. Cir. 2012).  Granting a Rule 59(e) motion is "an extraordinary measure."  *Leidos*, 881 F.3d at 217.

Under the Administrative Procedure Act, a "reviewing court shall . . . hold unlawful and set aside agency action" that is "arbitrary" or "capricious."  5 U.S.C. § 706(2)(A).  "One of the basic procedural requirements of administrative rulemaking is that an agency must give adequate reasons for its decisions."  *Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 221 (2016).  "That

requirement is satisfied when the agency's explanation is clear enough that its 'path may reasonably be discerned.'" *Id.* (quoting *Bowman Transp., Inc. v. Arkansas–Best Freight System, Inc.*, 419 U.S. 281, 286 (1974)). "[W]here the agency has failed to provide even that minimal level of analysis, its action is arbitrary and capricious and so cannot carry the force of law." *Id.*

In particular, the denial of "a written application" requires "a brief statement of the grounds for denial" unless the agency is "affirming a prior denial or . . . the denial is self-explanatory." 5 U.S.C. § 555(e). "This requirement not only ensures the agency's careful consideration of such requests, but also gives parties the opportunity to apprise the agency of any errors it may have made and, if the agency persists in its decision, facilitates judicial review." *Tourus Recs., Inc. v. Drug Enf't Admin.*, 259 F.3d 731, 737 (D.C. Cir. 2001). "A self-explanatory denial . . . must be in such form that its mere denial fully informs the party of all he would otherwise be entitled to have stated." *Roelofs v. Sec'y of Air Force*, 628 F.2d 594, 600 n.33 (D.C. Cir. 1980) (quoting S. Doc. No. 248, 79th Cong., 2d Sess. 265–68 (1946)).

## III.    ANALYSIS

The Government argues for the first time that the SBA's issuance of a new decision after Plaintiff filed suit mooted Plaintiff's claims and deprived the court of subject-matter jurisdiction. *See* Mot. for Reconsideration at 6–8. But a motion for reconsideration is not "a vehicle for presenting theories or arguments that could have been advanced earlier." *Estate of Gaither ex rel. Gaither v. D.C.*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011) (quoting *Secs. & Exch. Comm'n v. Bilzerian,* 729 F.Supp.2d 9, 14 (D.D.C. 2010)); *see Delta Ltd. v. U.S. Customs & Border Prot. Bureau*, 393 F. Supp. 2d 15, 17 (D.D.C. 2005) ("Rule 59(e) motions are not granted if the court suspects the losing party is using the motion to reargue the same theory or to assert new arguments that could have been raised prior to final judgment."). And in any case, the argument is

unpersuasive.  The Amended Complaint challenges the SBA's most recent denial decision, arguing that it was the product of a deficient administrative process that prevented Plaintiffs from presenting relevant evidence about their sponsorship earnings.  *See* Am. Compl. ¶¶ 44–45, 52–57. Because Plaintiffs allege a continuing violation based on the same alleged procedural error, the original controversy was not mooted by subsequent agency action.  *See Pickus v. U.S. Bd. of Parole*, 507 F.2d 1107, 1111 (D.C. Cir. 1974) (explaining that superseding agency actions that repeat the same alleged procedural error "preserve, rather than moot, the original controversy"); *Organic Trade Ass'n v. U.S. Dep't of Agric.*, 370 F. Supp. 3d 98, 111 (D.D.C. 2019) ("Agencies can moot claims against them by promulgating new rules that cure previous procedural defects").

The Government next reargues that because the denial was "self-explanatory" under 5 U.S.C. § 555(e), it was not arbitrary and capricious.  Mot. for Reconsideration at 8.  According to the Government, the fact that Plaintiff stated in its application that it began operations in 2015 "made clear on its face that Plaintiff did not fit within the limited exception to the general reduction in revenue rule," which "applied only to 'entities that began operation in 2020.'"  *Id.* at 5 (quoting AR 504); *see* AR 1.  But the FAQs do not unambiguously *limit* that exception to entities that began operations in 2020; they merely clarify that businesses "not in operation in 2019 may qualify for an SVOG" and explain how such entities may qualify using 2020 revenues.  AR 486, 504.  It is also not immediately apparent that the denial rested on the Museum's failure to demonstrate at least a 25% reduction in revenue in the second, third, or fourth quarter of 2020 as compared to the first quarter of 2020.  Reaching that conclusion requires several inferential steps: it assumes that, because the Museum had no earned revenue in 2019, it was unable to satisfy the general requirement of a 25% revenue reduction between 2019 and 2020, and therefore the only possible path to eligibility was to show a 25% reduction in revenue within 2020 itself.  By omitting this

reasoning, the agency failed to afford Plaintiff the "grounds for denial" to which it was entitled. 5 U.S.C. § 555(e).

Because the denial was not self-explanatory and the agency failed to provide a reasoned explanation that made clear the path it took, its decision failed to satisfy the minimum requirements of reasoned decision making under the Administrative Procedure Act.

**IV. CONCLUSION**

For the foregoing reasons, the Government's Motion for Reconsideration, ECF No. 41, is DENIED.


Date: January 6, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge